UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 3:03cr0058AS |
| ) | |
| WILLIAM HENRY SMITH III ) | |

*MEMORANDUM, OPINION AND ORDER*

This court takes full judicial notice of the entire record in this case including appellate procedures. The most recent docket sheet reflects 79 different items.

This court sentenced this defendant upon a plea of guilty to 110 months, the minimum under the federal guidelines. That sentence was appealed and later remanded by the Court of Appeals under the procedures enunciated in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This court reaffirmed the sentence of 110 months and now William Henry Smith III, appearing pro se, brings a petition under 28 U.S.C. §2255.

This defendant was ably represented by Robert D. Truitt. This court has been keenly aware of Mr. Truitt's talent as a defense counsel in federal criminal proceedings for more than three decades. He may not be a Clarence Darrow, or a Charles Bellows, or a Patrick Tuite, but he is a highly competent and completely dedicated criminal defense lawyer. In this case, represented by this very able lawyer, two distinct waivers were entered into and reaffirmed in proceedings under oath before this court by this defendant. One was the waiver

of the right to appeal, and the other a waiver of the right to file proceedings under 28 U.S.C. §2255. These waivers are binding on this defendant. *See Bridgeman v. United States*, 229 F.3d 589 (7th Cir. 2000).

According to the memorandum filed by the United States Attorney in this case on November 1, 2006, three of the four issues in this petition are denied as waived. Inferentially, this leaves the sole and only issue the alleged ineffectiveness under the Sixth Amendment of the Constitution of the United States of Mr. Robert D. Truitt. A wide array of cases decided this year on that very subject are of some moment. In this regard, *see Bethel v. United States*, 458 F.3d 711 (7th Cir. 2006); *Thompson v. Battaglia*, 458 F.3d 614 (7th Cir. 2006), *Simpson v. Battaglia*, 458 F.3d 585 (7th Cir. 2006); *Hartjes v. Endicott*, 456 F.3d 786 (7th Cir. 2006), and *United States v. Birk*, 453 F.3d 893 (7th Cir. 2006). *But see also Adams v. Bertrand*, 453 F.3d 428 (7th Cir. 2006). The basic Supreme Court case, of course, is *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Lockhart v. Fretwell*, 506 U.S. 364 (1993) *Kimmelman v. Morrison,* 477 U.S. 365 (1986), and *Hill v. Lockhart*, 474 U.S. 52 (1985).

It is correct that the scrutiny of counsel's performance is highly deferential as it should be in the district court. In this case, the burden is on Mr. Smith to overcome the presumption that an attorney's performance was effective. *See Chichakly v. United States*, 926 F. 2d 624 (7th Cir. 1991). At this stage of these proceedings, with all due respect, this defendant's efforts to demonize Mr. Truitt falls on deaf judicial ears. *See United States v. Farr*, 297 F.3d

2

651 (7th Cir. 2002).  It is basic and elementary that the representation by a lawyer of one charged with crime in a United States district court involves an array of judgment call choices.  It is elementary that a defense counsel has an obligation to present those arguments that may be winners and try to call out the losses.

When it comes down to the actual sentence imposed in this case, and when it is considered what the sentence could have been, it seems to this court that Mr Truitt did a first rate job of lawyering.

It goes without saying that the current sentencing regime in United States district courts is enormously complicated and time-consuming.  Admittedly, it is sometimes very difficult to get it exactly right.  But given the realities under which all of this occurs, and taking into account this defendant's pro se status under *Haines v. Kerner*, 404 U.S. 519 (1972), *but see McNeil v. United States*, 508 U.S. 106 (1993), this record falls short from providing a basis for relief under 28 U.S.C. §2255. Such relief is most respectfully **DENIED**.  **IT IS SO ORDERED**.

**DATED:** November 28, 2006

                                            **S/ ALLEN SHARP**
                                            **THE HONORABLE ALLEN SHARP**
                                            **JUDGE, UNITED STATES DISTRICT COURT**